No. 6173.

## L. GRUNEWALD CO., LTD., vs. MISS GEORGIA EVANS.

### Syllabus.

The depositary cannot withhold the thing deposited for a debt due on account, distinct from the deposit.

Appeal from the Civil District Court, for the Parish of Orleans, Division "A," No. 97,441. Hon. T. C. W. Ellis, Judge.

Dinkelspiel, Hart & Davey, for plaintiff and appellant.

Sneed & Purser, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Plaintiff, domiciled in the City of New Orleans, sold to defendant, a resident of the Parish of Tangipahoa, a piano valued at $750.00, on the purchase price of which there was unpaid in November, 1910, a balance of $140.00.

About that time the piano was damaged in a fire and by agreement with the Insurance Company was sent to plaintiff to be repaired.

Plaintiff did the repair work, and was paid for it; but refused to return the piano unless the balance of the purchase price, then overdue, should be paid.

The repairs having been finished and paid for, plaintiff remained a simple bailee or depositary, whose plain duty it was to restore the piano at once. It was without right whatsoever to withhold the piano on pretense of a debt due on an account distinct from the deposit. C. C., 2956. Its doing so was a clear breach of duty and an unwarranted invasion of defendant's rights.

This invasion of her rights was aggravated by the fact that she was obliged to leave her own domicile and litigate with plaintiff at the domicile of the latter for a period of nearly four years, during all of which she has been deprived of her piano, her only source of pleasure.

The trial Judge allowed defendant damages at the rate of $5.00 per month, as the rental value of the piano, although the evidence would justify double that amount. He also allowed $175.00 punitory damages.

We will not disturb his award.

However he reached it the total amount allowed by him is less than $500.00 for wantonly invading defendant's rights, persistently depriving her of her property for more than four years, and compelling her to come to another jurisdiction to vindicate her rights. We think the allowance proper.

But the trial Judge failed to allow plaintiff proper interest on its own claim. This will be corrected.

It is therefore ordered that the judgment appealed from be amended by striking therefrom the words "up to November 1st, 1910, only, and not since" and substituting in lieu thereof the words "until paid," and as thus amended the judgment is affirmed; appellee to pay the costs of this appeal.

Amended and affirmed.

Opinion and decree, June 26th, 1914.

Rehearing refused, July 17th, 1914.

Writ denied, October 26th, 1914.